UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SUSAN ROSS and<br>EUGENE WEBB,<br><br>Plaintiffs,<br><br>v.<br><br>STELLAR RECOVERY, INC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:15-cv-50204<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiffs, SUSAN ROSS ("Susan") and EUGENE WEBB ("Eugene") (collectively "Plaintiffs"), by and through their attorneys, CONSUMER LAW PARTNERS, LLC complaining of STELLAR RECOVERY, INC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiffs collectively bring this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA") for Defendant's unlawful collection practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA, TCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Susan is a 49 year old natural person, residing at 1231 16th Avenue, Rockford, Illinois, which falls within in the Northern District of Illinois and is a "consumer" as defined by §1692a(3).

5. Eugene is a 61 year old natural person, residing at 1231 16th Avenue, Rockford, Illinois, which falls within in the Northern District of Illinois and is a "consumer" as defined by §1692a(3).

6. Defendant "provides recovery services for charged off consumer debt"[1] with an office located at 4500 Salisbury Road, Suite 105, Jacksonville, Florida. Defendant is a third-party debt collector that is in the business of collecting consumer debts for others in the state of Illinois, including a debt allegedly owed by Eugene.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of The Association of Credit and Collection Professionals since 2009.[2]

---

[1] http://www.stellarrecoveryinc.com/services
[2] http://www.acainternational.org/memberdirectory.aspx

### FACTS SUPPORTING CAUSES OF ACTION

9. Throughout 2015, Susan has received a litany of automatically dialed calls to her cellular phone from Defendant. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Susan.

10. Susan's cellular phone number is (779) 423-9136.

11. The number that Defendant predominately calls from is (815) 516-1219. *See* attached Exhibit B is a true and correct copy of screenshots of Susan's cellular phone.

12. Upon answering the phone calls, Susan is greeted with a pre-recorded message in which Defendant identifies itself as a debt collector attempting to collect on a debt.

13. Defendant's phone calls go on to state, "Press one if you are Eugene Webb. Press two if you are not Eugene Webb." *See* Exhibit A.

14. On multiple occasions, Susan has pressed two in order to have Defendant cease calling her about debt that is not hers.

15. Upon information and belief, Defendant is collecting on a delinquent Comcast bill in the amount of $490.76 ("subject consumer debt") that only Eugene owes.

16. Susan has no obligation on the subject consumer debt and never gave Defendant consent to call her cellular phone regarding it.

17. Susan's cellular phone provider is SafeLink Wireless. She has a monthly allotment of 250 minutes. *Id.*

18. If Susan uses all her minutes for the month, she can no longer use the cellular phone without purchasing additional minutes.

19. Plaintiffs have suffered damages as a direct result of Defendant's collection actions.

20. Defendant's repeated collection actions have caused Susan to grow increasingly anxious and have worsened her medical ailments.[3]

21. Defendant's repeated collection actions have caused Susan to lose minutes on her cellular phone, resulting in additional money spent replacing them.

22. Plaintiffs have incurred costs and expenses consulting with their attorneys as a direct result of Defendant's collection actions.

23. Plaintiffs have been unduly inconvenienced and harassed by Defendant's collection actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (TOWARDS SUSAN)

24. Susan repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Generally, the FDCPA prohibits the use of, "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

26. Specifically, Defendant violated 15 U.S.C. §§1692d, e, and f through its debt collection actions towards Susan. Defendant violated the aforementioned statutes when it repeatedly persisted in causing Susan's phone to ring regarding debt that was not hers. Susan has been subjected to a litany of collection calls on debt that belongs to Eugene. When Susan pressed two during the collection calls, she was indicating to Defendant that the number it was calling was not Eugene's. However, even after receiving multiple prompts that the phone number it was calling belonged to someone other than Eugene, Defendant continued to contact Susan.

27. As an experienced and sophisticated debt collector, Defendant's advanced collection technology should have been able to identify the number it was calling belonged to someone

---

[3] Susan suffers from diagnosed Agoraphobia and Social Anxiety Disorder. *See* Exhibit A.

other than Eugene. By pressing two, Susan acted on Defendant's request to notify it that the calls were not being placed to Eugene. However, this action by Susan did not stop Defendant from continuing to unfairly harass her regarding debt that did not belong to her.

28. As plead in paragraphs 19 through 23, Susan was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, SUSAN ROSS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Susan statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Susan actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Susan costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (TOWARDS EUGENE)

29. Eugene repeats and realleges paragraphs 1 through 19 and 22 to 23 as though fully set forth herein.

30. Generally, the FDCPA limits a debt collector's ability to communicate with anyone other than the consumer it is collecting from.

31. Specifically, the FDCPA states, "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information shall – not communicate with any such person more than once…" 15 U.S.C. §1692b(3).

5

32. Defendant violated 15 U.S.C. §1692b(3) through its debt collection actions when it repeatedly contacted Susan regarding the subject consumer debt. Through Susan's numerical prompts, Defendant knew that the number it was contacting regarding the subject consumer debt was a third party's. However, even after receiving multiple prompts that the phone number it was calling belonged to someone other than Eugene, Defendant continued to contact a third party in violation of the FDCPA.

33. As an experienced and sophisticated debt collector, Defendant's advanced collection technology should have been able to identify that the number it was calling belonged to someone other than Eugene. By pressing two, Susan acted on Defendant's request to notify it that the calls were not being placed to Eugene. However, this action by Susan did not stop Defendant from continuing unfairly harassing a third party regarding the subject consumer debt. Defendant's tactics were designed to drive a wedge between Plaintiffs, coercing Eugene into paying the subject consumer debt.

34. As plead in paragraphs 19, 22, and 23, Eugene was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, EUGENE WEBB, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Eugene statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Eugene actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Eugene costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TOWARDS SUSAN)

35. Susan restates and realleges paragraphs 1 through 28 as though fully set forth herein.

36. The TCPA prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS"), 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

37. Defendant violated the TCPA by placing phone calls to Susan's cellular phone using an ATDS without her consent. Susan had no contractual relationship with Defendant, therefore she could not have given consent to auto dial her cellular phone.

38. Pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Susan for at least $500.00 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, SUSAN ROSS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Award Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV – VIOLATIONS OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

39. Plaintiffs restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempts to collect on the subject consumer debt.

41. ICFA states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

42. Plaintiffs are consumers as defined by ICFA, 815 ILCS 505/1(e).

43. Defendant's attempts to collect on the subject consumer debt are part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

44. Defendant's repeated collection calls to Susan, despite knowing that she did not owe the subject consumer debt, represents the use of deception, fraud and false pretense in an attempt to collect a debt.

45. Defendant intended that Plaintiffs rely on its misrepresentations in order to procure payment of the subject consumer.

46. ICFA was designed to protect consumers, such as Plaintiffs, from the exact behavior committed by Defendant.

47. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

48. As pled in paragraphs 19 through 23, Plaintiffs have suffered damages as a result of Defendant's unlawful collection practices.

49. As such, Plaintiffs are entitled to relief pursuant to 815 ILCS 505/10a

WHEREFORE, Plaintiffs, SUSAN ROSS and EUGENE WEBB, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 20, 2015

Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq., #6302103
David S. Klain, Esq., #66305
Counsel for Plaintiff
Licensed in the Northern District of Illinois
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)